U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

MAY 14 2009

ROBERT H. SHEMWELL, CLERK
BY_____
     DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONALD BANKS | CIVIL ACTION NO. 09-0043 |
| VS. | SECTION P |
| WARDEN ROB REARDON | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

On January 12, 2009, Ronald Banks, petitioner, through counsel, Mr. Pride J. Doran, Williams & Doran, Opelousas, Louisiana, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Corrections Center, Cottonport, Louisiana. He attacks his April 13, 2005 conviction for manslaughter and the 30 year hard labor sentence imposed by the Twelfth Judicial District Court, Rapides Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that this petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

## Background

Petitioner was charged with second degree murder, armed robbery, and conspiracy to possess with intent to distribute cocaine. His trial commenced sometime in April 2005. On April 13, 2005, following jury selection, opening arguments, and the testimony of the first witness, petitioner "... tendered an offer to plead guilty to the reduced charge of Manslaughter..." The plea agreement stipulated a sentence of 30 years conditioned upon petitioner's truthful testimony at the trials of his co-defendants. In addition, the agreement called for the dismissal of the armed robbery and conspiracy charges. [See rec. doc. 1-2, Exhibit A, pp. 1-4] Petitioner, after having been advised of his constitutional rights, did in fact plead guilty to manslaughter. [rec. doc. 1-2, 1-3, and 1-4, Exhibit A]

On April 29, 2005 he was sentenced in accordance with the plea agreement to serve 30-years at hard labor. On April 29, 2005 petitioner filed a motion to withdraw his plea and that matter remained pending until May 17, 2005 when petitioner withdrew his motion.[1] He did not appeal his conviction or sentence. [rec. doc. 1, ¶8]

On April 12, 2007 petitioner, through counsel, Mr. Doran,

---

[1] The petition and exhibits do not establish the date petitioner was sentenced, however, the Pro Se Staff Attorney obtained these dates from the Criminal Court Records Clerk at the Avoyelles Parish Clerk of Court's Office in Marksville, Louisiana.

2

filed a post-conviction proceeding seeking to withdraw the guilty plea.[2] A hearing on this post-conviction pleading was convened on July 3, 2007 [rec. doc. 1-5, Exhibit B] and at its conclusion relief was denied. [rec. doc. 1, ¶11(7-8)]

On September 11, 2007, petitioner, again through counsel, filed an application for writ of review in the Third Circuit Court of Appeals. On January 11, 2008 the appellate court denied writs noting,

> Relator pled guilty in this matter; therefore, Relator waived his right to question the underlying factual basis of the offense. Further, the court was not put on notice that a significant factual basis was necessary. State v. Johnson, 04-1266 (La. App. 3 Cir. 2/2/05), 893 So.2d 945.

Notice of Judgment was mailed to counsel on the date that judgment was rendered. [See State of Louisiana v. Ronald Banks, No. KW 07-01121 (La. App. 3 Cir. 1/11/2008, at rec. doc. 1-7, Exhibit C]

Petitioner did not seek further review in the Louisiana Supreme Court. [rec. doc. 1, ¶13][3] No petitions or appeals are presently pending in that Court. [rec. doc. 1, ¶15]

Counsel filed the instant petition on January 12, 2009

---

[2] The petition describes the pleading as an application for post-conviction relief. [see rec. doc. 1, ¶11] However, the transcript of the hearing refers to the pleading as a Motion to Withdraw Previous Plea of Guilty. [rec. doc. 1-5, Exhibit B, p. 1]

[3] A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court writ judgments involving the petitioner.

3

raising a single claim for relief:

> Ronald Banks' conviction was obtained in violation of his federal Constitutional rights, in that it was contrary to the law and evidence. There was no factual basis supporting the conclusion that Mr. Banks' act of participating in the conspiracy to distribute cocaine was a legal cause of the death of Patrick Green. The facts adduced at the *Boykin* hearing support the conclusion that while Mr. Banks may have in fact been guilty of other crimes, he is actually innocent of the crime of manslaughter. Therefore, the conviction was obtained in violation of his Constitutional right to due process of law. [rec. doc. 1, Part III, p. 6]

### *Law and Analysis*

### *1. Limitations - 28 U.S.C. §2244(d)(1)*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[4] The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides

---

[4] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B),(C), or (D) of §2244(d)(1).

4

that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner pled guilty on April 13, 2005. [rec. doc. 1, ¶2] He was sentenced on April 25, 2005. [see footnote 1, *supra*] Under Louisiana law, petitioner had a period of 30-days after sentencing, or until May 25, 2005 within which to file a motion for an appeal. See La. C.Cr.P. art. 914(B). Petitioner did not appeal and therefore, his judgment of conviction and sentence became final under §2244(d)(1)(A) on or about May 25, 2005 upon the expiration of the time for seeking further direct review. Thereafter, petitioner had one year, or until May 25, 2006 to file his federal *habeas corpus* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because, by the time he filed his motion to withdraw guilty plea/application for post-conviction relief on April 12,

5

2007, the AEDPA limitations period had already long expired and could not be revived.

Further, petitioner allowed yet another un-tolled year to lapse between the date of the Third Circuit Court of Appeals' writ denial on January 11, 2008 [rec. doc. 1-7, Exhibit C] and the date he filed the instant petition, January 12, 2009.[5]

## 2. *Equitable Tolling and Actual Innocence*

There is no doubt but that the instant petition is untimely under the AEDPA – almost two years elapsed between the date petitioner's judgment of conviction became final by the conclusion of the time for seeking direct review and the date he filed his post-conviction pleading; thereafter, another full year elapsed following the Third Circuit's writ denial and the filing of the instant suit.

Petitioner himself concedes as much. Nevertheless, he argues

---

[5] It is noted in passing, that even if petitioner were afforded the benefits of equitable or statutory tolling and could otherwise surmount the time-bar, his claim would still be subject to dismissal because he failed to exhaust available state court remedies by fairly presenting his federal claim to the Louisiana Supreme Court. *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." The exhaustion requirement is satisfied only when the grounds urged in the federal petition, as well as the factual allegations supporting those grounds, were previously presented to the state's highest court in a procedurally proper manner. Knox v. Butler, 884 F.2d 849, 852 n. 7 (5th Cir.1989), cert. denied, 494 U.S. 1088 (1990); Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988).

that he should be entitled to equitable tolling of the limitations period based upon his claim of actual innocence.[6]

The one-year statute of limitations established by the AEDPA can be equitably tolled, but only in rare and exceptional circumstances. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). As the Supreme Court recently stated, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). The petitioner has the burden of establishing that he is entitled to equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). As shown above, this petitioner cannot seriously contend that he has been diligent in pursuing his rights; nor can he point to any extraordinary circumstance which prevented him from timely filing his claims.

---

[6] See rec. doc. 1, ¶19.

7

Finally, petitioner's claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period. The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Further, a claim of actual innocence does not constitute a "rare and exceptional circumstance" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000), cert. denied, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

To the extent that petitioner contends that he is entitled to federal *habeas corpus* relief based solely on his claim of actual innocence, he fails to state a claim for which relief may be provided. "Claims of actual innocence ... have never been held to state a ground for federal *habeas* relief absent an independent constitutional violation occurring in the underlying state criminal proceeding ... This rule is grounded in the principle that federal *habeas* courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct errors of fact." Herrera v. Collins, 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Actual innocence claims provide

instead, "a gateway through which a *habeas* petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* at 404, 113 S.Ct. 853.

Read carefully and liberally, petitioner's pleadings do not establish actual innocence. At best, petitioner asserts trial court error in failing to establish a sufficient factual basis to support petitioner's guilty plea.

### 4. Conclusion and Recommendation

The instant petition for *habeas corpus* is time-barred by the provisions of 28 U.S.C. §22244(d)(1)(A) and petitioner is not entitled to the benefits of statutory or equitable tolling.

Therefore, for all of the foregoing reasons,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana May 14, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE